IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS CARTER, *et al.*, | : | |
| | : | Case No. 2:16-cv-1162 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| LL&B HEADWATER II, LP, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Defendant LL&B Headwater II, LP's ("Defendant") motion to dismiss the complaint of Julius Carter ("Plaintiff"), who brings this lawsuit individually and in his capacity as executor of the estate of Theresa E. Carter. (Doc. 6.) For the reasons set forth below, Defendant's motion is **GRANTED**.

### I. FACTUAL & PROCEDURAL BACKGROUND

This lawsuit arises from a dispute over the ownership of approximately 103.109 acres of real property located at 42773 Sunfish Circle, Beallsville, Ohio 43716 (the "Property") and associated mineral rights.

In July 2007, William and Willa Carter filed a warranty deed transferring ownership of the Property to Plaintiff's stepfather, Richard Schreiber. (Compl., Doc. 1, ¶ 7.) The warranty deed was recorded in Monroe County the same day. (*Id.*) Nearly three years later, in February 2010, Schreiber transferred his ownership interest in the Property to Plaintiff via quitclaim deed, but the deed was not recorded until April 30, 2015. (*Id.* ¶¶ 9–10.) Schreiber passed away in July 2010. (*Id.* ¶ 12.) No other transfers of the Property occurred between February 2010 and April 2015. (*Id.* ¶ 11.)

1

Plaintiff's mother, Theresa Carter, transferred by general warranty deed a 50 percent interest (about 51.5545 acres) of Property's mineral rights to Defendant in January 2014. (*Id.* ¶ 14.) The sale of these mineral rights was executed several days later, for which Defendant paid Ms. Carter $216,528.90. (*Id.* ¶ 15.) Defendant also paid $479,456.85 to business entities known only to Defendant. (Proposed Am. Compl., Doc. 9-1 at ¶ 17.)[1] According to Plaintiff, Defendant paid Ms. Carter only 30 percent of the fair market value of the mineral rights to the Property and "never disclosed to Ms. Carter the fair market value of the property or the remaining amount that was paid to other entities." (Doc. 1 at ¶ 16.) Further, Plaintiff asserts, Ms. Carter: (1) was not the legal owner of the Property; (2) never owned any of the mineral rights to the Property; and (3) was not competent to enter into the contract with Defendant because she was an alcoholic. (*See id.* ¶¶ 17–18.) Plaintiff alleges that Defendant knew Ms. Carter was an alcoholic, and that Ms. Carter was not represented in the transaction with Defendant. (Doc. 9-1 at ¶¶ 16, 18.)

Plaintiff filed this lawsuit in December 2016, bringing claims for rescission, conversion, fraud/fraud in the inducement, and unjust enrichment. (*See id.* ¶¶ 19–44.) Defendant now moves to dismiss Plaintiff's complaint in its entirety for failure to state a claim. (Doc. 6.) Plaintiff opposes Defendant's motion to dismiss, or, in the alternative, seeks leave to amend his complaint, the amended version of which he attaches to his opposition to Defendant's motion to dismiss. (Docs. 9, 9-1.) The motion to dismiss is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the

---

[1] The Court considers facts from Plaintiff's complaint as well as his proposed amended complaint.

plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quotation omitted). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff's claims sound in fraud, these allegations must also satisfy Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud . . . be stated with particularity." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citing Fed. R. Civ. P. 9(b)). This particularity requirement "reflects the rulemakers' additional

3

understanding that, in cases involving fraud and mistake, a more specific form of notice is necessary to permit a defendant to draft a responsive pleading." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (internal quotation marks omitted). To satisfy Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation" as well as "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (internal citations omitted).

### III. LAW AND ANALYSIS

Defendant seeks to dismiss each of Plaintiff's claims: for rescission, conversion, fraud/fraud in the inducement, and unjust enrichment.[2] The Court will address each in turn.

#### A. Rescission

In his individual capacity and his capacity as executor, Plaintiff "request[s] rescission of the contract between Theresa E. Carter and LL&B Headwater II, LP." (Doc. 1 ¶ 20.) Although Plaintiff alleges multiple bases for rescission, including undue influence, fraud, breach of fiduciary duty and the implied covenant of good faith and fair dealing, violation of public policy, and disappointment of Plaintiff's reasonable expectations, (*see id.* ¶¶ 22–23), he does so in conclusory fashion. *Iqbal*, 556 U.S. at 678 ("The Court is not required to accept as true mere legal conclusions unsupported by factual allegations.")

Defendant responds that rescission "is a remedy, not a free-standing claim." *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 U.S. Dist. LEXIS 109818, at *32 (S.D. Ohio Sep. 27, 2011) (citing *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 797 (6th Cir. 2009) (citing Ohio law)). For a party to obtain the remedy of rescission, it "must plead and prove a legally

---

[2] Plaintiff's proposed amended complaint alleges rescission based on mutual mistake, fraud, and unjust enrichment.

4

cognizable claim for relief." *Stark v. Wells Fargo Fin. Ohio 1*, No. 08 CV 6916, 2010 Ohio Misc. LEXIS 16783, at *5 (Ohio Ct. Com. Pl. Feb. 11, 2010), citing *Holt Co. v. Ohio Mach. Co.*, 2007-Ohio-5557, ¶ 48 (Ohio Ct. App. 10th Dist. 2007). Indeed, "[g]enerally, without fraud, duress, undue influence, or mistake, one party to a contract cannot rescind or cancel it without the consent of the other party." *Holt*, 2007-Ohio-5557, ¶ 48.

Perhaps recognizing that his laundry list of bases for rescission required tailoring, in his opposition to Defendant's motion to dismiss (and in his proposed amended complaint), Plaintiff ties his claim for rescission to the doctrine of mutual mistake. (Doc. 9 at 6-7; Doc. 9-1 at 2-3.) For the sake of thoroughness, the Court also addresses any potential for a claim for rescission based on undue influence. The Court addresses fraud in section (III)(C), *infra*.

### 1. Mutual Mistake

To state a claim for mutual mistake, Plaintiff must properly allege that "there is a mutual mistake as to a material part of the contract and . . . the complaining party is not negligent in failing to discover the mistake." *Reilley v. Richards*, 632 N.E.2d 507, 508–09 (1994). A mistake is "material" when it is "a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances." *Id.* at 353 (internal quotation omitted). Therefore, the parties' intention "must have been frustrated by the mutual mistake." *Id.*

To be cognizable, mutual mistake must be based on a mistake of fact, rather than a mistake of law. *In re Lytle's Estate*, 318 N.E.2d 880, 883 (Ohio Com. Pl. 1974). A party commits a mistake of law "when a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of or comes to erroneous conclusion as to their legal effect." *Id.* For example, "a payment made by reason of wrong construction of terms of contract is made under

mistake of law." *Id.* *Compare City of Cincinnati v. Fox*, 49 N.E.2d 69, 73 (Ohio App. 1943) (mistake as to the "legal effect of the steps that had been taken in [an] appropriation proceeding [(including joinder of the successors of a deceased party in interest)] or the legal sufficiency of the administrators' deed to convey the leasehold" one of law and therefore not subject to rescission by mutual mistake) *with Reilley*, 632 N.E.2d at 509 (sale of lot for purpose of home building, when "the lack of knowledge that a significant portion of the lot is located in a floodway is a mistake of fact of both parties that goes to the character of the property such that it severely frustrates the appellant's ability to build a home on the property.")

Plaintiff argues that the sale of property in this case from his deceased mother occurred based on mutual mistake because Plaintiff's deceased mother sold property that actually belonged to Plaintiff. Plaintiff contends that his deceased mother was not negligent in the transaction because she was incapacitated due to alcoholism. (Doc. 9 at 7.) He further argues his ownership interest by pointing to a tangle of laws "undermining the transfer on death beneficiary designation in the Carter-Schreiber deed, and Defendant's failure to secure the status of a bona fide purchaser for value[.]" (*Id.*)

The tangle of laws Plaintiff must invoke to claim legal status as owner of the rights conveyed, and to claim Defendant's status as *not* a bona fide purchaser and Ms. Carter's status as *not* owner, confirms that any mistake on the part of either party entering into the sale of property is a mistake of legal status, i.e., law. *See City of Cincinnati*, 49 N.E.2d at 73 (mistake regarding the status of various parties' interests in property is a mistake of law and not subject to rescission by mutual mistake); *Hughes v. Reasneor*, 18 Ohio Law Abs. 449, 452 (Ohio Ct. App. 2d Dist.

6

1934) (mistake regarding the legal status of contracting party would not form a basis for mutual mistake). Therefore, Plaintiff's claim for rescission based on mutual mistake must fail.[3]

## 2. Undue Influence

Although Plaintiff omits reference to undue influence in his opposition to Defendant's motion to dismiss and his proposed amended complaint, the Court will address it briefly. The shadow of undue influence descends upon a transaction "[w]here there is imbecility, or weakness of mind, arising from old age, sickness, intemperance, or other cause, and inadequacy of consideration; or where there is weakness of mind, and circumstances of undue influence and advantage; in either case, a contract may be set aside in equity." *Tracey v. Sacket*, 1 Ohio St. 54, 54 (Ohio 1852). *See also French's Heirs v. French*, 8 Ohio 214, 214 (Ohio 1837) ("if a deed is obtained by the exercise of an undue influence over a man whose mind is incapable of acting freely and voluntarily, such deed will be decreed to be canceled"). The elements of undue influence are "a susceptible [party], another's opportunity to exert it, the fact of improper influence exerted or attempted, and the result showing the effect of such influence.'" *Disciplinary Counsel v. Tomlan*, 885 N.E.2d 895, 902 (Ohio 2008).

Plaintiff argues that his mother was a susceptible party due to her alcoholism. He alleges no facts regarding the severity of her alcoholism, however, or the degree of her intoxication at the time she executed the contract with defendant. Ms. Carter "would not be rendered incapable of entering a contract simply because [s]he suffers from alcoholism. Rather, the issue is whether h[er] mental condition, in light of h[er] alcoholism, was such that [s]he lacked capacity to contract." *Kaltenbach v. Kaltenbach*, 1987 WL 15494, at *2 (Ohio App., 1987) (internal

---

[3] For purposes of this motion, the Court need not wade into the intricacies of Ohio property law to determine the true owner of the property rights at issue. The Court assumes for the purposes of this motion that Plaintiff owned the property at the time his mother sold it. Likewise, because he does not state a claim for mutual mistake, any issues surrounding Plaintiff's standing to pursue this mutual mistake claim in his individual capacity are moot.

citation omitted). In other words, "[i]t is the degree of mental incapacity that is important and not the cause thereof." *Id.* (internal citation omitted). And the relevant time frame is the time Ms. Carter entered into the contract. *Id.* ("In order for appellant to show that he was incompetent at the time he entered into the separation agreement he must prove by clear and convincing evidence that the separation agreement was executed while he was mentally incompetent."). For these reasons, Plaintiff has failed to allege adequately that his mother was incapacitated at the time she entered into the contract. Without evidence that Ms. Carter was incompetent to enter into the contract at the time she did, Plaintiff cannot state a claim for undue influence.

Because he has failed to state a claim, Plaintiff's claim for rescission is hereby **DISMISSED**.

### B. Conversion

Count II for conversion of property alleges that Defendant willfully interfered with Plaintiff's rights to the property at issue, including "a fraudulent scheme involving the purchasing of the mineral rights at a price significantly below the fair market value, from a person who did not own the mineral rights, and was incompetent to engage in the transaction." (Doc. 1 at ¶ 28.)

Because claims for conversion may be asserted only with respect to personal property (as opposed to real property), and because mineral rights are real property rights, this claim, too, must fail. *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 493 N.E.2d 289, 292 (1985) ("A conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights."), *citing* R.R. Co. v. O'Donnell, 32 N.E. 476 (Ohio 1892); *Chesapeake Expl., L.L.C. v. Buell*, 45 N.E.3d

185, 189 (Ohio 2015) ("Ohio has long recognized that minerals underlying the surface, including oil and gas, are part of the realty.").[4]

Because he does not allege the improper acquisition of *personal* property, Plaintiff's claim for conversion is **DISMISSED**.

### C. Fraud & Fraud in the Inducement

Plaintiff alleges fraud and fraud in the inducement in Count III. To state a claim for fraud, Plaintiff must properly allege:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d 709, 712 (Ohio 1987). A fraud in the inducement claim requires Plaintiff to show: "the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *Abm Farms v. Woods*, 692 N.E.2d 574, 578 (Ohio 1998).

Because these are fraud claims, Plaintiff must satisfy the heightened pleading standards of Federal Rule of Evidence 9(b). To satisfy Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation" as well as "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett*, 607 F.3d at 1100 (internal citations omitted).

In Count III, Plaintiff alleges that Defendant "represented, and/or failed to disclose, the fair market value of the Property's mineral rights;" and "the fact that Theresa E. Carter was not

---

[4] Plaintiff implicitly recognized that his claim for conversion fails by not reasserting it in his proposed amended complaint, and not submitting any argument opposing Defendant's motion to dismiss this claim.

9

the lawful owner of the property." (Doc. 1 at ¶¶ 33-34.) Plaintiff alleges that these representations/omissions were material to the transaction, that they were made falsely, with knowledge or recklessness as to their falsity, that they were made with intent to mislead Theresa Carter into relying on them, that she did rely on them, and that they caused Plaintiff's injury. (*Id.* ¶¶ 35-39.) Plaintiff's proposed amended complaint adds an allegation that Defendant misrepresented "the distribution of the proceeds from the sale," and omits the allegation that Defendant misrepresented "the fact that Theresa E. Carter was not the lawful owner of the property." (Doc. 9-1 at ¶ 25.) It also adds an allegation that "Defendant had a duty to disclose the material facts." (*Id.* ¶ 26.) Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and rescission of the contract. (Doc. 1 at 6; Doc. 9-1 at ¶ 28.)

These allegations utterly fail to meet the heightened pleading requirements of fraud claims under Rule 9(b). Plaintiff fails to allege *any* detail regarding "the time, place, and content of the alleged misrepresentation[s]." *Bennett*, 607 F.3d at 1100 (internal citations omitted). He also fails to cite any cases that saddle parties contracting with alcoholics with a fiduciary-like duty to disclose their valuation of the property they intend to buy or the distribution of the proceeds from the sale. On the contrary, "[o]rdinarily in business transactions where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated and, therefore, neither party has a duty to disclose material information to the other." *Blon v. Bank One, Akron, N.A.*, 519 N.E.2d 363, 367 (Ohio 1988) (internal citations omitted). In certain circumstances, however, like in the context of a fiduciary relationship, a relationship in which "both parties to a transaction understand that a special trust or confidence has been reposed," or where "such disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts," the Ohio

10

Supreme Court has recognized a duty to speak.  *Id.* (internal citations omitted).  Plaintiff has failed to plead facts giving rise to the inference that Defendant had a duty to speak in this case.

For these reasons, Plaintiff has failed to state a claim for fraud, or fraud in the inducement.  This claim is **DISMISSED**.

### D.  Unjust Enrichment

Finally, in Count IV, Plaintiff, in his individual capacity, alleges that Defendant received profits from "its unlawful purchase of the mineral rights and the royalty interests."  (Doc. 1 ¶ 41.)  He alleges that Defendant was not entitled to this benefit, that it knows of the benefit it received, and that it is "responsible for Plaintiff Carter's position of detriment."  (*Id.* ¶¶ 41-42.)  In his proposed amended complaint, he alleges, with no factual support, that *he* conferred this benefit on the Defendant.  (Doc. 9-1 at ¶ 30.)  He seeks payment or return of the mineral rights.  (Doc. 1 at ¶ 44; Doc. 9-1 at ¶ 31.)

To state a claim for unjust enrichment, Plaintiff must allege: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment[.]"  *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984).

Plaintiff fails on the first factor, namely, to allege plausibly that *he* conferred a benefit on Defendant.  There are no factual allegations in the complaint that Plaintiff interacted with Defendant at all.  Simple recitation of the elements of a cause of action do not meet the *Twombly/Iqbal* requirement to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court is not required to accept as true mere legal conclusions unsupported by factual

allegations. *Id.* (citing *Twombly*, 550 U.S. at 555). And Plaintiff's claim for unjust enrichment is just that.

For these reasons, Plaintiff's unjust enrichment claim is **DISMISSED**.

### E. Amendment

Plaintiff seeks to amend his complaint, stating that "adding the additional facts set forth above will clearly preclude the dismissal of Plaintiffs' Complaint under Ohio law." (Doc. 9 at 3.) Plaintiff's proposed amended complaint is attached to his opposition to Defendant's motion to dismiss. (Doc. 9-1.) Based on the above analysis, the Court determined that even Carter's proposed amended complaint fails to state a claim. Therefore, allowing Carter to submit its proposed amended complaint would be futile. As such, the Court **DENIES** Carter's motion to amend its complaint. *See Herhold v. Green Tree Servicing, LLC*, 608 F. Appx. 328, 335 (6th Cir. 2015) ("the district court did not err by denying Herhold's motion to amend her complaint on the basis of futility.")

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                        *s/Algenon L. Marbley*
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: September 26, 2017**